## Whitney and others *vs.* Krows and others.

An assignment of his estate, by an insolvent debtor, for the benefit of creditors, which confers upon the assignees an express authority to sell on credit, is void.

The decision of the court of appeals, to that effect, in *Griffin* v. *Barney*, (2 *Comst.* 365,) approved.

But a provision authorizing the assignees " to sell and dispose of the property

Whitney *v.* Krows.

upon such terms and conditions as in their judgment may appear best," &c. and "to convert the same into money," will not be construed as authorizing them to sell on credit.

The fair construction of such a provision is that the trustees are to exercise their judgment as to the manner of sale, but when they sell they are to receive the money.

Nor will it render an assignment void to insert in it a provision authorizing the assignees to effect an insurance upon a portion of the assigned property, and to keep good an insurance already existing, upon another portion of the property, so long as in their judgment it shall be necessary.

Neither will an assignment be vitiated by a provision authorizing the assignees, if they shall deem it necessary, to pay the interest on a mortgage which is a prior lien upon the assigned property, and the principal and interest on another mortgage, if they shall deem it for the interest of the creditors to do so.

THIS action was brought to set aside an assignment executed by the defendant, William Krows, to the defendants Frederick Krows, Peter P. Post and Charles N. Hommel. The assignment was executed on the 24th of October, 1848, and conveyed all the property of the assignor, both real and personal, not exempt from execution, in trust for the payment of debts. By the terms of the assignment, the assignees are authorized "to sell and dispose of the property, *upon such terms and conditions as in their judgment may appear best, and most for the interest of the parties concerned, and convert the same into money.*" The assignees were also required to use so much of the trust moneys as might be necessary to effect an insurance of $1000 upon the Exchange Hotel, a part of the assigned property, and to keep good the insurances upon the property, existing at the time of the assignment, and also to keep and effect an insurance on the store of goods and merchandise assigned, so long as in their judgment the same should be necessary. The real estate assigned was incumbered by two mortgages, one for $3000, the other for $1500. The assignees were authorized, if they should deem it necessary, to pay the interest on the first mortgage, and the principal, as well as the interest, on the second mortgage. They were not to pay this mortgage unless they should deem it for the interest of the creditors to do so.

On the 25th of April, 1849, the plaintiffs recovered a judg-

Whitney *v.* Krows.

ment against William Krows, for $1602,15, upon a debt existing prior to the execution of the assignment, upon which judgment an execution was issued, and was still in the hands of the sheriff. On the 16th of April, 1849, the defendants, James Russell and Solomon S. Hommel, purchased of the assignees the real estate included in the assignment, and received a deed therefor. This deed the plaintiff sought to set aside, on the ground that the assignment, being void upon its face, no valid title could be made by the assignees.

*E. Cooke,* for the plaintiffs.

*M. Schoonmaker,* for the defendants.

HARRIS J. Whether or not an assignment for the benefit of creditors, which authorizes the assignees to sell the assigned property upon credit, is void, does not seem to be finally settled. It was clearly the opinion of the judge who pronounced the judgment of the court of appeals in *Griffin* v. *Barney,* (2 *Comst.* 365,) that such an assignment could not be upheld. But as there was another objection to the assignment in that case, which the same learned judge deemed equally fatal to its validity, another court of acknowledged respectability has since felt itself at liberty to regard that case as a mere expression of the opinion of a single judge upon this point, and not as an adjudication of the question. (*Nicholson* v. *Leavitt,* 9 *N. Y. Legal Observer,* 105.) The opinion of Judge Bronson, in *Griffin* v̇. *Barney,* was the only opinion delivered in the case. It certainly purports to have received the approval of each member of the court. The very learned judge who delivered the judgment in *Nicholson* v *Leavitt,* concedes that the opinion admits of no other construction than that an assignment which confers upon the assignees an express authority to sell on credit is void. It seems to me, with great respect for the learned tribunal that has thus dissented from the opinion admitted to have been unequivocally expressed in *Griffin* v. *Barney,* that this and other inferior courts ought to hold themselves bound by an opinion, upon the very question

under adjudication, and apparently adopted by the whole court, until the same court shall see fit to explain or dissent from that opinion.

But assuming that an assignment which authorizes a sale upon credit is void, as I think it is, as well upon principle as authority, I do not find any thing in the assignment in question which amounts to such a power. The assignees are " to sell and dispose of the property upon such terms and conditions as in their judgment may appear best," &c. In giving a construction to this language, it should not be presumed that the parties intended that the power should be exercised in a fraudulent or unlawful manner. It is to be understood that it was intended to confer upon the assignees authority to sell and dispose of the property only upon *legal* terms and conditions. If it is *unlawful* to sell upon credit, it is not to be inferred that such authority was intended, any more than that it was intended to authorize the assignees to sell the property at one-third of its value. Thus, in *Meacham* v. *Stearns*, (9 *Paige*, 398,) the assignment provided that the property should be sold by the trustee *in such manner and at such reasonable times* as should seem proper to him. The assignee sold upon credit. But the chancellor said, " the very nature of the trust precluded the idea that he should have the right to sell the property at retail, upon credit." In this case, when the whole clause containing the authority to sell is taken together, there is still less ground to infer an intention that the sale should be upon credit. While the assignees are authorized to sell upon such terms and conditions as to them should seem best, they are also to convert the property *into money*. The fair construction of the whole provision is, that the trustees are to exercise their judgment as to the manner of sale, but when they sell they are to receive the money. They are to convert the property into *money*, and not *debts*.

Nor do I think the assignment objectionable upon the other grounds taken by the plaintiff's counsel. It certainly can not render an assignment void to insert in it a provision authorizing, by express terms, that to be done, which might lawfully have been done without such express authority. If it were lawful,

for example, for assignees to sell upon credit, it would not render the assignment invalid to express in it authority so to sell. So, if it be lawful to insure property until it can be sold, or to discharge prior liens or charges upon the property, it can not be unlawful to declare the authority of the trustees so to do, in the assignment itself. Suppose the assigned property had been growing crops, it clearly would have, been the duty of the assignees to employ laborers to harvest and secure them. It would not be pretended that an express authority to that effect would vitiate the assignment. So, in this case, where the property assigned was liable to be destroyed by fire, the assignees would have been justified in having it properly insured until it shall be disposed of by them. I do not understand the express authority in the assignment to go beyond this. The assignees are to continue the insurance so long as in their judgment it shall be necessary, and no longer. It is referred to their discretion. In short, no greater power is conferred upon them by this provision than they would have possessed without it. So also, in respect to the incumbrances upon the property. Had there been nothing said on the subject in the assignment, the assignees would, undoubtedly, have had the right to relieve the property from the prior liens, if in the fair exercise of their discretion, they had deemed it for the interest of creditors that they should do so. The assignment authorizes no more.

Having come to the conclusion that the assignment itself is valid, it becomes unnecessary to consider the other questions discussed upon the argument. The complaint must be dismissed with costs.

[ULSTER SPECIAL TERM, April 28, 1851.  *Harris*, Justice.]