## SUPREME COURT.

### SOUTHWORTH AND OTHERS agt. SHELDON AND OTHERS AND TWO OTHER CAUSES.

An assignment for the benefit of creditors, which authorizes the assignees to sell and dispose of the assigned property *upon such terms and conditions as in their judgment shall appear best and most for the interest of all the parties concerned.   Held good.*

The provision alluded to merely authorizes the assignees to do what the law imposes upon them as a *duty*.

And a provision which directs *that the surplus after paying the preferred debts, shall be paid pro rata to all the other creditors*, does not render the assignment invalid, because the legal effect of such a provision is, that the assignees are to pay the *whole amount* of the unpaid debts, if assets sufficient.

*New York Special Term, January* 1853.   *Demurrer to complaint.*

EDWARDS, Justice.—The assignment which is set forth in the complaint in this action, is alleged to be fraudulent and void, as against creditors, because it authorises the assignees to sell and dispose of the assigned property, upon such terms and conditions as in their judgment shall appear best and most for the interests of all the parties concerned.

In all cases the best interest, both of the assignor and of the creditors undoubtedly is, not that the property shall be sacrificed at once, and at all hazards, but that it shall be converted into money with all practicable dispatch, according to the circumstances of the case, and that it shall be sold for the highest price.   But in order thus to promote the best interest of all parties concerned, the assignees must exercise their judgment.   They are bound to do so.   And the provision which is objected to merely authorizes them to do what the law imposes upon them as

Southworth and others agt. Sheldon and others.

a duty. Upon what principle then, either of law or of morals, can it be said that such a provision must of itself render an assignment fraudulent and void as against creditors? It is a provision which has been inserted in voluntary assignments for years, and until recently no one has thought of raising a question upon it. It is said, however, that it comes within the spirit of the decision in the case of Nicholson vs. Leavitt, in the Court of Appeals. The reason of that decision, as expressed in the opinion to which I have been referred, is, that it gives an absolute right to the assignee to sell upon credit, which can not be controlled by any proceedings which the creditors may institute; or, in other words, that the courts can not, upon the application of creditors, compel the assignee to convert the property into money at once, if they should deem it for the interest of creditors to do so. But that reason does not apply to the provison in question; for the court have as much power to control the assignee in the discharge of his duty as they would have if no such provision had been inserted in the assignment.

I think that the assignment is not fraudulent and void as against creditors, and that the defendants are entitled to judgment.