BRIGHAM *vs.* TILLINGHAST and others.

An assignment made by an insolvent debtor for the benefit of creditors, giving preferences, is not favored in the law, but it is tolerated, and so long as tolerated should receive the same reasonable and fair construction which every agreement *inter partes* receives from courts of justice.

And such construction should be put upon the language, if practicable, as will uphold rather than defeat the instrument.

Fraud should not be presumed, unless fairly inferrible from the terms of the instrument, or extrinsic and surrounding circumstances.

The question is not whether fraud may be committed by the assignees, but whether the provisions of the instrument are such that when carried out according to their apparent and reasonable intent, they will be fraudulent in their operation.

A declaration that one purpose of the assignment is to secure the application of the property to the payment of the debts of the assignor, in a fair and equitable manner, " without *sacrifice*," is not evidence of an intent to hinder or delay creditors.

Brigham v. Tillinghast.

Giving authority to the assignees "to compromise all bad and doubtful claims" is not of itself evidence of a fraudulent intent.

Neither is a direction to dispose of the assigned property "as soon as practicable and expedient for the best interests of all concerned," evidence of fraud.

A direction to convert the assigned property into "money or available means," signifies something equally as good as money, for the purpose of paying debts, and is not objectionable.

This was an appeal by the defendants from a decision made at a special term, setting aside an assignment made by the defendant Clark Tillinghast to John S. Tillinghast and William W. Farwell, the other defendants, for the benefit of creditors.

*Bentley & Farwell*, for the appellants.

*Duane Brown*, for the respondent.

*By the Court*, W. F. ALLEN, J. This is an appeal from a judgment rendered by Justice Crippen, setting aside the voluntary assignment of Clark Tillinghast, as fraudulent against creditors. The only points before us are upon the assignment itself; the judge not having stated in the case the facts found by him, and the evidence being in some respects conflicting. The judge held that this assignment was fraudulent upon its face. It is a general assignment of all the property of the assignor, for the payment of debts, giving preferences.

The assignment recites that "the assignor is owing debts to a large amount to different individuals, which debts he is unable at present, as he believes, fully to discharge, and some of which, from their confidential nature, are entitled to a preference to all others." The assignment is made for the declared "purpose of carrying into effect the intention of the said party of the first part of applying his property and estate to the payment of his debts in a fair and equitable manner and without sacrifice," &c. and authorizes the assignees "to compromise all bad and doubtful claims," and directs that the assignees "shall forthwith take possession of all and singular the premises aforesaid, and shall, as soon as practicable and expedient for the best interests of all

concerned and interested herein, convert all and singular the premises and estate aforesaid into money or available means, and after deducting the reasonable costs and charges of executing the trusts herein mentioned, shall .pay," &c. &c. It is upon these provisions that the judge predicates his opinion that the assignment is fraudulent and void.

An assignment of an insolvent debtor for the benefit of creditors, giving preferences, is not favored in ' the law, but it is tolerated, and so long as tolerated should receive the same reasonable and fair construction which every agreement *inter partes* receives from courts of justice, and such construction should be put upon the language, if practicable, as will uphold rather than defeat the instrument. Fraud should not be presumed, unless fairly inferrible from the terms of the instrument, or extrinsic and surrounding circumstances. The question is not whether fraud may be committed by the assignees, but whether the provisions of the instrument are such that when carried out according to their apparent and reasonable intent, they will be fraudulent in their operation. ( *Ward* v *Tingley,* 4 *Sandf. Ch. Rep.* 476. *Chit. on Cont.* 80. *Barney* v. *Griffin,* 2 *Comst.* 371.) 1. There is no evidence of fraud in the recital. That shows that the assignor deemed himself insolvent. It says he believed himself unable to pay his debts, and therefore the case is not within the principle of *Van Nest* v. *Yoe,* (1 *Sandf. Ch. Rep.* 4.) 2. The declaration that one purpose of the assignment is to secure the application of the property to the payment of the debts of the assignor in a fair and equitable manner and "without *sacrifice,*" is not evidence of an intent to hinder or delay creditors. Perhaps the terms used were not happily selected. But it is not by selecting isolated words, inadvertently used, and giving them their most unfavorable construction, that fraud is to be imputed. The whole tenor of the instrument is to be taken into view, when pronouncing upon its general character. Giving this clause its fair and reasonable construction it is simply a declaration of the intent that the assignees shall dispose of the assigned property for the best price that can be obtained for it. Whether that purpose was

secured by the instrument depends upon the other and operative parts of the assignment. 3. The authority to compromise all bad and doubtful claims cannot of itself be evidence of a fraudulent intent. The claims must be either "bad" or "doubtful" before the assignees can act under this power, and although they can, under color of this clause, commit a fraud, it is not the fault of the provision, but only of its abuse, that such fraud may be committed. 4. The direction to dispose of the assigned property as soon as practicable and expedient for the best interest of all concerned, is not evidence of fraud. It is sustained by *Ward* v. *Tingley*, (*sup.*) *Whitney* v. *Krows*, (11 *Barb.* 198;) *Meacham* v. *Sternes*, (9 *Paige*, 405;) *Southworth* v. *Sheldon*, (7 *How. Prac. Rep.* 414,) and *Kellogg* v. *Slauson*, (*MS. decided August*, 1852.) The available means into which, or into money, the property is to be converted, are means suitable for the purpose prescribed, to wit, the payment of debts, and therefore the phrase signifies something equally good as money for that purpose, and is unobjectionable. It does not create a delay in the appropriation of the debtor's property to the payment of his debts. The judgment should be reversed and a new trial granted, costs to abide the event.

[ONONDAGA GENERAL TERM, October 3, 1853, *Gridley*, *W. F. Allen*, *Pratt* and *Hubbard*, Justices.]