## Clark *vs.* Fuller and Bergen.

A provision, in an assignment executed by a debtor, for the benefit of creditors, empowering the assignee to sell and dispose of the assigned property " in such manner as he shall deem best and most for the interest of the parties concerned, and convert the same into money," &c. is not to be construed as authorizing a sale on credit; and therefore it does not render the instrument void on its face.

THE bill in this cause was filed to set aside an assignment made by the defendant Fuller, to the defendant Bergen, in

Clark v. Fuller.

trust for the benefit of creditors. The grounds of the action were, 1. That the assignment was void on its face; 2. That it was made with intent to hinder, delay and defraud creditors. The defendant moved, at a special term, to dissolve the temporary injunction; which motion was denied, and the defendants appealed.

*A. H. Wagner*, for the appellants,

*J. B. Stevens*, for the plaintiff.

*By the Court*, COWLES, J. All the material allegations tending to show fraud, in this case, aside from such as may be apparent upon the face of the instrument itself, are denied on the part of the defendants; and the injunction, if sustained at all, must be sustained on the ground that the assignment, upon its face, is void, as made to hinder, delay and defraud creditors. It is claimed that such is the case, because the instrument authorized the assignee to sell upon credit; thus bringing the case within the rule recently laid down by the court of appeals, in several cases, that such a discretion, given in direct terms, on its face, avoids the instrument.

It was this view of the case which induced me, at special term, to deny the motion to dissolve the injunction, and allow the question to be passed upon at the general term. A more full consideration of the case, and a more deliberate examination of the various cases where this question has been raised upon assignments similar in this respect to the one in question, has brought me to the conclusion that this assignment, upon its face, is valid.

The power given to the assignee is " to sell and dispose of the same [the assigned property] in such manner as he shall deem best and most for the interest of the parties concerned, and convert the same into money" &c. In my judgment such language vests a larger discretion in the assignee than, under the ruling that authority to sell on credit vitiates the assign-

ment, would be proper were the question an original one and the rule to be now settled.

Courts and judges have, however, after mature deliberation, held in several instances that such language is not objectionable, and the weight of authority seems to render it proper to adhere to the rule so laid down. (*Southworth* v. *Sheldon*, 7 *How. Pr. Rep.* 414. *Whitney* v. *Krows*, 11 *Barb.* 198. *Mann* v. *Witbeck*, 17 *id.* 388. *Bellows* v. *Patridge*, 19 *id.* 176.) There are other cases, also, in which the same rule has been applied.

If we are to follow the reasoning in these cases, as I think we should, and regard the question as settled, so far as it can be settled by the supreme court, there is nothing on the face of this instrument which renders it void.

The order made at special term, denying the motion to dissolve the injunction, should be reversed, and the injunction dissolved, with $10 costs.

[NEW YORK GENERAL TERM, November 5, 1855. *Mitchell, Clerke* and *Cowles*, Justices.]