Nichols *v.* McEwen.

———◆———

## NICHOLS *vs.* McEWEN, sheriff, &c.

A provision, in an assignment made by an insolvent debtor, for the benefit of his creditors, authorizing the assignee to sell and dispose of the assigned property "upon such terms and conditions as, in his judgment, may appear best, and convert the same into cash," is not an authority to sell on credit, and therefore will not vitiate the assignment.

But a provision authorizing the payment of "a reasonable counsel fee" to the assignee, in addition to the expenses, costs and commissions of executing the trust, is an appropriation of the property to an illegal purpose, and renders the assignment void as to creditors.

And, so far as the validity of such a provision is concerned, it is immaterial whether the assignee is or is not an attorney and counsellor at law.

THIS was an action brought for the claim and delivery of personal property. The plaintiff claimed the property by virtue of an assignment executed to him by W. A. Allen, the

former owner, in trust for the benefit of the creditors of the said Allen, on the 8th of January, 1853. The defendant claimed to hold the same under a levy made thereon by him, on the 7th of February, 1853, upon an execution issued out of the supreme court, on a judgment against the said Allen, in favor of John Mott and others. On the trial the judge nonsuited the plaintiff, on the ground that the assignment was fraudulent and void on its face, as against the creditors of the assignor.

*S. H. Hammond,* for the defendant.

*John H. Reynolds,* for the plaintiff,

*By the Court,* PARKER, P. J. Two objections are made to the validity of the assignment. First, that the clause authorizing the plaintiff to sell and dispose of the property " upon such terms and conditions as, in his judgment, may appear best, and convert the same into cash," is an authority to sell upon credit, and therefore vitiates it, within the cases of *Barney* v. *Griffin,* (2 *Comst.* 365,) and *Nicholson* v. *Leavitt,* (2 *Selden,* 510. 1 *Ker.* 302.) But it is now well settled that such language will not be construed as authorizing a sale on credit. (*Whitney* v. *Krows,* 11 *Barb.* 198. *Kellogg* v. *Slawson,* 15 *id.* 56. *S. C.* 1 *Kernan,* 302.) The question, therefore, is no longer open to discussion.

The second objection arises out of that clause in the assignment which authorizes the plaintiff " to pay and disburse all the just and reasonable expenses, costs, charges and commissions of executing and carrying into effect this assignment, together with a reasonable counsel fee." It is urged that the provision for the payment of a reasonable counsel fee is an appropriation of the property to an illegal purpose, and renders it void as to creditors.

The plaintiff, as assignee, was entitled only to certain commissions and expenses. He was not entitled to a counsel fee in addition. All beyond commissions and expenses belonged to the creditors, and it was not in the power of the assignee

Nichols *v.* McEwen.

to deprive them of it. The payment of the counsel fee in this case is made absolute, by the terms of the assignment. It is not made to depend upon a contingency, or upon the nature of the services which may be required to be rendered. A counsel fee is to be paid to the assignee at all events, for his services, not as counsel, but as assignee. The amount may depend upon the services rendered, for it is to be reasonable. I think the services cannot be measured by any such standard as that which regulates counsel fees, nor can the assignor provide for any such additional compensation, however small.

It makes no difference whether the assignee is or is not an attorney and counsellor at law. The fixed and legal rate of compensation cannot be changed by any such consideration. The services to be performed, under the assignment, were not those of a lawyer, but of an assignee ; and a counsel fee was a very inappropriate species of compensation. It was clearly improper to pay, even a lawyer, professional compensation, for services not professional.

If it were proper to pay an assignee a counsel fee, because he happened to be a counselor at law, the amount of that compensation would vary with the relative professional distinction of the person selected to discharge the trust. A counsellor of high standing would deem a high compensation no more than "reasonable," even for light services ; and thus the creditors of insolvent's estates would be placed at the mercy of the debtor, who could swallow up, in counsel fees, a small estate, by assigning it to some distinguished friend in the legal profession. Such a control over the property, by the debtor, would be inconsistent with the rights of his creditors.

But suppose the counsel fee is provided for services strictly professional expected to be rendered by the assignee. The word "reasonable" implies that the amount of the counsel fee is to depend upon the extent of such services. This places the interest of the assignee in hostility to that of the creditors. It makes it, at once, the interest of the assignee to increase and extend the litigation growing out of the settlement of the estate. As these expenses are to be first paid, their

increase contributes to exhaust the surplus fund, out of which the creditors are to be paid. The assignee is enriched at the expense of the creditors, and by the terms of the assignment he is encouraged to do so, and authorized to do so, with impunity. Such a provision is clearly against public policy, and at war with the interests of creditors.

I regard the law as well settled by the case of *Barney* v. *Griffin*, (2 *Comst.* 365,) that an insolvent assignor cannot give to his assignee any portion of the estate for his services, beyond the fixed legal rate of compensation. That rule is a salutary and sound one. A provision in violation of it, for the benefit of an assignor, being without legal consideration, is a mere voluntary gift, and cannot be supported, as against the claims of creditors. It is evidence, upon its face, of an intent to defraud creditors, and such must necessarily be its legal effect, to the precise extent of the illegal allowance provided.

My conclusion therefore is that the second objection to the validity of the assignment was well taken, and that the judgment rendered at the circuit ought to be affirmed.

[ALBANY GENERAL TERM, December 3, 1855. *Parker*, *Wright* and *Watson*, Justices.]