# N. Y. SUPERIOR COURT.

## Isaac W. Winn *et al.* agt. Charles P. Crosby.

*Assignees — their duties as to trust funds — attorney who acts ·as assignee, no power to apply trust funds to the payment of his professional services rendered in the administration of his trust.*

Where an attorney becomes assignee of an insolvent firm, and prior to the assignment receives from such firm certain notes, to provide a fund to meet the counsel fees and disbursements of future litigations arising under it affecting them, and a fee of $5,000 was then stipulated and agreed upon between the parties for that purpose.

*Held,* that the assignee having collected over $5,000 from these notes, should be chargeable with the surplus.

An assignee who is an attorney is precluded. from applying the trust funds to the payment of himself, or of firms in which he may be a partner, for professional services rendered in the administration of the trust.

Where the defendant as assignee received as part of the property of the insolvent firm, four notes of Asa D. Dickinson, amounting to $42,720, given for the purchase-price of the stock of goods belonging to the insolvent firm, said notes being received by the defendant when the assignment was executed and the day after they were made, and after retaining these notes for a number of years, in order to prevent the statute of limitations from affecting the same, took from Dickinson notes of equal amounts, with interest, to himself individually, and some collateral security therefor, surrendering the old notes; these notes the defendant claims to now hold, and in his answer he sets up that Dickinson the maker is responsible; the defendant has never taken any legal proceedings to enforce their payment; the only reason given by the defendant why they had not been collected was that Dickinson claimed that he had paid too high a price for the goods and that he had a partial defense to the notes; the value of the goods are found by the referee to be as much as the amount of the notes:

*Held,* that in view of this delay, for these many years, of the defendant, in omitting to take legal steps to enforce the collection of the notes, his transferring them to Dickinson for other notes, payable to himself,

individually, and the probable detriment to the assigned estate which the delay has occasioned, shows such neglect as is sufficient to charge him with them.   There is no other way by which the trust estate can be protected from prejudice by the failure of duty on the part of the defendant as assignee, than by charging him with the notes.

*Special Term, October,* 1876.

MOTION by plaintiff to confirm a referee's report and for judgment or other relief.

*George E. King,* for motion.

*S. W. Fullerton,* opposed.

CURTIS, *Ch. J.* — The action was commenced in November, 1873, on behalf of the plaintiff and other creditors of the insolvent firm of Townsend, Baker & Co., for an accounting by the defendant, as their assignee under an assignment executed December 28, 1867.   When the cause was reached for trial, February 12, 1874, an accounting was ordered, and it was referred to the Hon. Enoch L. Fancher to take and state the accounts of the assignee, to ascertain and report who were the creditors of Townsend, Baker & Co., and the amounts respectively due them; also, what fees, commissions and disbursements should be allowed to the assignee; and it was further ordered that he should account for all the assets of Townsend, Baker & Co. coming into his hands, and for all his acts in connection with the assignment and execution of the trust.

It was also ordered that the referee take proofs concerning any property of the insolvent firm received by the assignee prior to the assignment, or disposed of by them under his advice prior to the assignment, and that their books and papers should be produced.   It was, also, among other things, ordered that the referee should give notice to all the creditors to come in and produce their claims.

The referee, by his report dated January 15, 1876, sets forth that he has caused notice to be given to the creditors of

the firm of Townsend, Baker & Co., in conformity to the order; that he has taken and stated the accounts of the defendants, and in other respects complied with the order of reference. The referee also reports, that after allowing all credits there is a balance, for which the defendant is liable, of $73,004.16, and that this sum should be immediately distributed by the defendant among the creditors, according to the amounts of their respective claims, proved and allowed on the accounting and shown by his report.

Exceptions have been taken to the referee's report by one of the creditors, and also by the assignee. The creditor objects that the referee has allowed a claim that is void for usury, or else that if the claim is not void for usury it is untenable, because the claimant was a partner in the firm of Townsend, Baker & Co. The proofs taken on the hearing before the referee do not sustain these objections. The defendant excepts to the disallowance by the referee of certain items charged by him for counsel fees and legal services, rendered by himself and certain firms of which he was a member, in respect to the assigned estate and the execution of his trust.

The referee finds that the defendant, in his individual capacity, received of Townsend, Baker & Co., prior to the assignment, certain notes to provide a fund to meet the counsel fees and disbursements of future litigations arising under it affecting them, and that a fee of $5,000 was then stipulated and agreed upon between the parties for that purpose, and that the defendant having collected over $5,000 from these notes, should be chargeable with the surplus.

The principle by which an assignee, who is an attorney, is precluded from applying the trust funds to the payment of himself, or of firms in which he may be a partner, for professional services rendered in the administration of the trust, seems to be too just and too well settled to be disturbed (*Collins* agt. *Carey*, 2 *Beavan*, 128; *Nichols* agt. *McEwen*, 21 *Barb.*, 65, 67; affirmed 17 *N. Y.*, 22; *Morgan* agt. *Hannas*, 49 *id.*, 667).

There is reason for approving the conclusion arrived at by the referee, that the defendant should not be credited with this class of items for professional services charged by him, especially in view of the arrangement by which a compensation of $5,000, as already stated, was secured to him and allowed by the referee.

The defendant excepts to the finding of the referee charging him with the amount due upon four notes of Asa D. Dickinson, for $10,680 each, dated December 27, 1867, at three, six, nine and twelve months respectively, given to Townsend, Baker & Co. for the purchase of their stock of goods. These notes were received by the defendant when the assignment was executed and the day after they were made.

The referee finds that the value of the goods was as much as the amount of the notes; that Dickinson received, examined and retained the goods, at a valuation agreed upon at the time, much below their cost-price ; that the defendant, in order to prevent the statute of limitations from affecting the notes, has taken from Dickinson notes of equal amounts, with interest, to himself individually, and some collateral security therefor, surrendering the old notes. These notes the defendant claims to now hold, and in his answer sets up that Dickinson, the maker, is solvent and responsible. It appears by the answer that the defendant has never taken any legal proceeding to enforce their payment.

No sufficient reasons are shown for such delay. In view of this delay for these many years of the defendant in omitting to take legal steps to enforce the collection of the notes, his transferring them to Dickinson for other notes, payable to himself individually, and the probable detriment to the assigned estate which the delay has occasioned, the referee considers that such neglect is shown on the part of the defendant as is sufficient to charge him with them.

Upon considering the connection of the defendant with the sale of the stock of goods previous to the assignment, his

transactions in reference to it as shown by the testimony ; the course pursued by him in regard to the notes ; the unsatisfactorily explained delay in collecting them or taking legal steps to collect them, since December 27, 1867, when they were made ; the prejudice arising from this delay ; the substitution of them for others payable to himself individually, there seems to be just ground for sustaining the finding of the referee, charging the defendant with them.

An approval or confirmation by the court of the course pursued by the defendant in the execution of his trust, in respect to these notes, would be a departure from what is universally recognized as obligatory upon trustees in the execution of a trust, and tend to establish a pernicious precedent.

It will be observed that the referee does not charge the defendant with interest, during this delay, upon the cash assets of the trust in his custody.

No other way appears by which the trust estate can be protected from prejudice by the failure of duty on the part of the defendant as assignee than by affirming the action of the referee in charging him with the notes (*Litchfield* agt. *White,* 3 *Sand.* [*S. C.*], 545 ; *affirmed,* 7 *N. Y.,* 438 ; *Royall's admr.,* agt. *McKenzie,* 25 *Ala.,* 363).

The only remedy that can be considered on this application is that appertaining to the confirmation of the referee's report. The order of reference is in the nature of an interlocutory judgment for an accounting. By the last paragraph of this order, each party is precluded from moving for judgment or other relief until after the confirmation of the referee's report, in which event the order provides that either party may move as he shall be advised, on the usual notice of motion.

The motion to confirm the report of the referee should be granted.