## NICHOLS *v.* McEWEN.

A provision in the assignment of an insolvent debtor, that the assignee, a lawyer, shall be allowed a reasonable counsel fee, over and above expenses and commissions for executing the trust, is illegal and renders the assignment void.

APPEAL from the Supreme Court. Action for the wrongful detention of personal property. The defendant justified, as sheriff of Albany county, under a judgment and execution against one William A. Allen. On the trial, at the Albany circuit, before Mr. Justice WRIGHT and a jury, the plaintiff made title to the goods in question under a general assignment, made to him by Allen, of all the property of the latter, in trust for the payment of his debts. One of the trusts declared in the instrument was to convert the assigned property into cash by sale, and the collection of debts, "and by and with the proceeds of such sale and collections to pay and disburse all the just and reasonable expenses, costs, charges and commissions of executing and carrying into effect this assignment, together with a reasonable counsel fee." The judge decided that the assignment was fraudulent and void on its face, as against creditors, and nonsuited the plaintiff, who took an exception. The judg-

ment entered for the defendant was, on appeal, affirmed by the Supreme Court, at general term in the third district, and the plaintiff appealed to this court.

*John H. Reynolds,* for the appellant.

*Amasa J. Parker,* for the respondent.

ROOSEVELT, J. The defendant, in the Supreme Court, contended, and the Supreme Court, sustaining his views of the law, decided, that the assignment in this case, made by Allen, the insolvent debtor, for the benefit of his creditors, was void, on the ground that it provided for the payment to the assignee of a "counsel fee" in addition to commissions. From that decision the assignee, who was the plaintiff below, appeals to this court.

In determining the true meaning of an instrument, the language of which is at all equivocal, it is often important to know, as it is always admissible to take into consideration, the surrounding facts, not oral conversations, under and in reference to which the parties were acting and speaking. A material fact, in this view, conceded on the argument, is the fact that the assignee was at the time a member of the legal profession. It furnishes ground for a legitimate, although it may not be an absolutely certain inference, that the counsel fee provided for may have been intended for the assignee himself. In opposition to this inference much stress is laid upon the words "pay and disburse." Can a man, it is said, "pay and disburse" to himself? The answer is, that the parties to this instrument were not troubled with any such philological difficulty. The "commissions" confessedly were a perquisite of the assignee; and yet, out of the proceeds of the assigned property, he was to "*pay* and disburse" not only expenses, costs and charges, but the just and reasonable "commissions of (for) executing and carrying into effect this assignment, together with a reasonable counsel fee."

The commissions and the counsel fee are linked together; the latter being obviously intended as an augmentation of the former, and both to be paid to the same recipient.

Can an insolvent debtor, then (and this is the second point of inquiry), not only select from among his creditors which shall be taken and which shall be left, but also select from among his friends, perhaps members of his own household, favored objects of professional bounty, to be patronized at the expense of unsatisfied prior indebtedness, and out of a fund belonging in justice not to him but to others? The statute says that all assignments made in trust, "for the use of the person making the same," shall be void as against creditors. And may not "a reasonable counsel fee," judiciously applied by an insolvent, be of "use" to him in after life? A debtor cannot, while professing to dispose of his property for the benefit of his creditors, reserve it in reality for the benefit of himself. A partial reservation, in principle, is the same as a total; a reservation in the hands of a friendly assignee the same as a reservation in the hands of the debtor himself. The latter, indeed, is less objectionable than the former; the property in that case may be reached by execution, whereas in the other case, assuming the legal validity of the assignment, it cannot be reached at all. The reservation, in any form, constitutes the vice of the instrument. Even the seemingly innocent authority to sell on credit has been repeatedly held to vitiate the transaction, on the ground that it might be employed by embarrassed debtors as a means of nursing the estate, in order to realize a contingent surplus at the expense of the immediate rights of their creditors.

Preferential assignments are not to be encouraged. The law (2 *Comst.*, 371) rather tolerates than approves them. They are inconsistent with an enlarged equity, and should therefore be held to the strictest conditions. The insolvent may in good faith select his own assignee and give effect to his own preferences. Beyond that limit he cannot and should not be allowed to go. To permit him not only to

Nichols *v.* McEwen.

choose his own assignee, but to choose a favorite counselor-at-law for the office, and on that ground to charge the already deficient fund with "a counsel fee" in addition to the regular "commission," would be establishing a practice pregnant in many cases with the most mischievous consequences. Even commissions, measured by a fixed standard, may in these cases be obnoxious to criticism. They are permitted in deference only to the analogies of the statutes on the subject of executors, guardians, committees and official assignees; all of whom, however, it should be remembered, are appointed directly or indirectly by some legal tribunal, and not by the sole independent action of the debtor. But even in those cases no assignee, even if he be a lawyer, is ever allowed his "expenses, costs, charges and commissions, *together with a reasonable counsel fee.*" The statutes make no distinction between professional and unprofessional assignees; all are placed on the same footing, although in some instances, such for example as a stock of drugs, it might well be that the services of a doctor of medicine would be much more valuable than those of a doctor of laws.

The provision for a counsel fee, it is said, if not admissible, may itself be void without invalidating the other provisions of the instrument. Such is not the effect of the late decisions. Trusts of the character in question have been considered as characterizing the purpose of the transaction, and indicating, as to the whole, a fraudulent intent. Such an intent, fraudulent in the eye of the law, whatever it may be in fact, poisons the instrument, pervades its entire system, and is fatal to its existence. The case is beyond the benefit of surgery; there is no lopping of the diseased limb and sustaining an amputated trunk. I speak merely of preferential assignments. As to other trust instruments the rule is different, and the maxim *ut magis valeat quam pereat* is getting again into favor, and very justly. If, in the case of preferential assignments, an illegal provision for the sale of a single article on a credit, however "reasonable," destroys

the instrument, how can an illegal provision for the payment of a single counsel fee, to an amount however "reasonable," have any different effect? They are both of them substantially provisions intended "for the use" of the assignor, and both indicative of the like motive in making the assignment; and the statute declares that all "such assignments," not all such provisions in them merely, shall be void as against the creditors of the assignor not assenting to them.

The judgment of the Supreme Court should be affirmed, with costs.

DENIO, J. I consider the assignment under which the plaintiff claimed the goods, in controversy in this case, fraudulent and void, on account of the trust in favor of the assignee for the payment to him of a reasonable counsel fee, in addition to all the just and reasonable expenses, costs, charges and commissions of executing and carrying the assignment into effect; and I concur in the views of the Supreme Court, contained in the opinion of Mr. Justice PARKER, upon the denial of the motion for a new trial.

It is not stated positively in the assignment, nor does it seem to have been proved at the trial, that the plaintiff was an attorney or counselor-at-law. I find, however, that he was a preferred creditor, under the assignment, for certain professional services, which shows that he belonged to one of the learned professions; and this, taken in connection with the provision in his favor for a counsel fee, a term descriptive of the compensation of a lawyer, makes it sufficiently clear that he was a member of the legal profession. We have, then, the case of an insolvent person conveying all his property to a lawyer, upon a trust to pay out of its proceeds all proper expenses, to pay commissions, which, in the absence of any controlling words, would mean such commissions as executors, administrators and other trustees are entitled to, and, in addition to this, a counsel fee. The services which an assignee of an insolvent debtor is required

Nichols *v.* McEwen.

to perform are not necessarily professional. In general, they are very much such as a sheriff would have to perform under an execution. If a lawyer is called upon to perform such duties, and the deed under which he acts promises to recompense him by a counsel fee, the employment becomes professional, and he would have a right to claim such a measure of compensation as would be paid to a lawyer for the like occupation of his time and attention. An insolvent debtor has not, in my opinion, any right to create such an expensive agency for the conversion of his property into money and distributing it among his creditors. Besides being wrong in principle, it is calculated to lead to obvious abuses. This objection to the assignment is condemned by the third proposition of the opinion of the court in *Barney* v. *Griffin* (2 *Comst.*, 365 ). I observe that Judge BRONSON remarked that the objection, standing alone, might not go beyond the excess of commissions. I am of opinion that if the assignment is adjudged to be valid the assignee cannot be compelled to account except according to its provisions. If therefore the allowance of a counsel fee is illegal as to creditors, the only way in which their rights can be vindicated is to declare the instrument void. Whether the assignee, in the absence of such a provision, might lawfully claim and receive compensation for services actually rendered by him as counsel is a different question, which does not arise in this case.

I am in favor of affirming the judgment of the Supreme Court.

All of the judges concurring, except COMSTOCK and PRATT, Js.,

Judgment affirmed.