CAMPBELL and others *vs.* WOODWORTH and others.

A provision, in an assignment made by a debtor in trust for the benefit of his creditors, that the assignees shall be paid all expenses which may necessarily be incurred by them in the execution of the trust, including their charge for drawing the assignment, together with a just and reasonable compensation for labor, time, services and attention, does not render the assignment illegal and void.

THIS action was brought to recover the value of certain goods seized by the defendants, as sheriff and under-sheriff of the county of Monroe, upon certain executions delivered to the defendant, Chauncey B. Woodworth, as such sheriff, against Timothy Chapman. The plaintiffs claimed these goods as the assignees of Timothy Chapman, the defendant in the executions, under an assignment bearing date the 10th day of August 1853. The assignment contained this trust or provision. "First—To pay all expenses which may be necessarily incurred by my said assignees in the execution of the trusts hereby created, including the charges of drawing the assignment, together with a just and reasonable compensation for labor, time, services and attention of the said James C. Campbell, Francis E. Chapman and Justus Yale, by them actually done, spent, performed, given or applied in and about the trusts, and the business thereof hereby committed to them," &c. The plaintiffs accepted the trusts, and took possession of the assigned property, including the goods described in the complaint. The action was tried at the Monroe circuit, in April, 1860, before Justice KNOX and a jury. The seizure, sale and value of the goods in question was proved, and the plaintiff rested. The judgments and executions set up in the defendants' answer, were then admitted by the plaintiffs' counsel, and the defendants proved that the goods were seized and sold by virtue of these executions, and that the plaintiff, Campbell, at the date of the assignment, was and still is, a practicing lawyer. The counsel for the defendants then moved for a nonsuit, on the ground that the assignment was void on its face, as against creditors,

by reason of the provision contained in it for the payment of the assignees for their services. The judge refused to nonsuit the plaintiffs and the counsel for the defendants excepted to his decision. The counsel for the respective parties then went to the jury upon the single question as to the value of the goods. The judge, in charging the jury, declared his opinion to be that the assignment was not fraudulent on its face, and decided that the plaintiffs were entitled to recover the value of the goods and interest, and the defendants' counsel excepted to his decision. The jury found a verdict for the plaintiffs for $7097.03. The defendants moved for a new trial.

*H. R. Selden*, for the plaintiffs.

*O. Hastings*, for the defendants.

KNOX, J. The importance of the question in this case is so great, and the amount involved so large, that it is of little consequence what my decision may be, except as it may transfer to one or the other of the parties, the burthen of an appeal; for no decision of any court but the court of appeals will probably satisfy the unsuccessful party. Voluntary assignments for the benefit of creditors have been in discredit with the courts for several years, and they have been so frequently before them that nearly all the questions which can arise, affecting the validity of these instruments, have been discussed and decided. Indeed, it is claimed by the counsel for the defendants that the question in this case has been decided by the court of appeals, in *Nichols* v. *McEwen*, (17 *N. Y. R.* 27.) The assignment in that case provided for the payment to the assignee of a "reasonable counsel fee," in addition to the reasonable costs, expenses, charges and commissions of executing and carrying into effect the assignment. The court held that this provision for "counsel fee" was illegal, and rendered the assignment void. The provision in the assignment under consideration reads thus : "To pay all expenses

which may necessarily be incurred by my said assignees in the execution of the trusts hereby created, including the charges of drawing the assignment, together with a just and reasonable compensation for labor, time, services and attention of the said James C. Campbell, Francis E. Chapman and Justus Yale by them actually done, spent, performed, given or applied in and about the trusts and the business thereof hereby committed to them." It will be at once observed, that there is this marked difference between the two provisions. The first gives a reasonable counsel fee in addition to commissions, &c. The second speaks only of a reasonable compensation, and says not one word of commissions as such.

The case in hand differs also from the provision in the assignment under consideration in *Barney* v. *Griffin,* (2 *Comst.* 372,) in which Justice Bronson held that the assignment was void. In that case "a commission of six per cent on the gross amount of moneys received and paid out," was allowed to the assignee, in addition to the costs, charges, disbursements and expenses in executing the trust.

A voluntary assignment, to be valid, must be an absolute and unconditional surrender of all the property of the insolvent for the benefit of all his creditors ; and hence, when in addition to such compensation as the law has fixed for the services of the assignee, a further sum is given as a "counsel fee," or in the shape of a certain "per cent," so much is abstracted from the fund which should go to creditors ; and in this way the creditors may be defrauded of their just dues. And therefore the court held in the cases cited that the assignments were void, because in both cases property, which should have been given to creditors, went to the assignees.

Is the provision in this assignment obnoxious to this objection ? I think it is not. The provision, as worded, is but a periphrasis for the shorter phrase, " The usual commissions allowed by law." It might have been still shorter by simply saying nothing about compensation ; when the court upon

Campbell *v.* Woodworth.

an accounting, if one had been necessary, would have allowed what is given to executors, &c. The assignees will be obliged to account according to the provisions of the assignment, when the court can determine what sum the assignees may retain as compensation. So there can be no danger that creditors may be defrauded; whereas, when a sum is fixed by the assignment for their compensation, even if it be more than is allowed by law, the court, on an accounting, has no power to alter the sum—their only duty being to see that the provisions of the assignment are executed.

It is sometimes said that these preferential assignments are not to be encouraged. The courts certainly have of late years manifested a hostile disposition in construing them. If I were in the legislature, I would cut them up, root and branch; but in my judgment it does not belong to the courts to encourage or discourage them. It is their duty to declare the law, not give it; and inasmuch as an insolvent debtor has the right to assign his property for the benefit of his creditors, and he is told by the courts that he has this right, I do not think we should be astute to find reasons for invalidating an assignment which, as this one does, devotes the whole of the insolvent's property (except so much, as the law says, is properly applicable to the payment of the expenses of the trust,) to the payment of all his debts.

I think a new trial should be denied.

[Monroe Special Term, June 25, 1860. *Knox,* Justice. Affirmed on appeal to the General Term, March 4, 1861. *Smith, Johnson* and *Knox,* Justices.]