Halstead *v.* Gordon.

---

---

## HALSTEAD and others *vs.* GORDON and McCROSSAN.

A provision, in an assignment for the benefit of creditors, which authorizes the assignee to pay all reasonable expenses, costs, charges and commissions attending the execution thereof, with a reasonable and *lawful* commission for the services of the assignees, does not render the assignment void.

Nor will a clause authorizing the property to be sold at private sale, avoid an assignment.

A clause directing the assignees to sell and dispose of the property at public or private sale, as he may deem most beneficial to the interests of the creditors, is to be understood as applying to the mode of selling; viz. either at public or private sale, and not as authorizing a sale on credit.

THIS action was commenced by the plaintiffs as judgment creditors of James Gordon, to set aside an assignment made by the defendant Gordon to the defendant McCrossan, of his (Gordon's) property, for the benefit of creditors. The action was tried before his honor Justice DAVIES, at special term, without a jury, on the 17th of October, 1859. He adjudged the assignment to be fraudulent and void, by reason of the following provision in the assignment, viz: "And with and out of such sales and collections, that the said party of the second part shall first pay and disburse all the reasonable expenses, costs, charges and commissions attending the due execution of these presents and the carrying into effect the trusts hereby created, together with a

Halstead *v.* Gordon.

reasonable and lawful compensation or commission for his own services;" the court at special term holding, that by the provision in question, a commission or compensation was by the assignment to be paid to the assignee, over and above the just and reasonable commission for executing the assignment. The assignment also contained the following clause: " In trust nevertheless, to and for the use, intents and purposes following; that is to say, that the said party of the second part shall take possession of the property hereby assigned, or intended so to be, and shall, with all convenient diligence, sell and dispose of the same at public or private sale as he may deem most beneficial to the interests of the creditors of the said party of the first part, and convert the same into money," &c.

Judgment was given for the plaintiffs at special term, declaring the assignment to be void upon its face, with the usual provisions·in similar judgments, with costs.

The defendants appealed.

*John C. Dimmick*, for the appellant.

*Capron & Lake*, for the plaintiffs.

BY THE COURT. A voluntary assignment for the benefit of creditors, which authorizes the assignee to pay all reasonable expenses, costs, charges and commissions attending the execution thereof, with a reasonable and *lawful* commission for the assignee's services, is not void. ·The commissions to the assignee are to be lawful. The other commissions are for persons (auctioneers and others) employed to do the work.

It does not avoid the assignment to authorize the property to be sold at private sale.

There is no authority, in the assignment, to sell on credit. The only direction given to the assignee by the words *" as he may deem most beneficial to the interest of the creditors,"*

is as to the mode of selling; viz. either at public or private sale, not to selling on credit.

Judgment reversed, and new trial ordered; costs to abide the event.

[NEW YORK GENERAL TERM, June 21, 1861. *Clerke, Ingraham* and *Leonard,* Justices.]