CAMPBELL *et al. v.* WOODWORTH *et al.*

An assignment in trust for creditors is not rendered void by a provision giving the assignees (one of them being a lawyer) "a just and reasonable compensation for labor, time, services, and attention," in the business of the trust.

This language is to be construed as meaning no more than the commissions fixed by law.

APPEAL from the Supreme Court. The question is fully stated in the following opinion.

*George W. Parsons*, for the appellants.

*Henry R. Selden*, for the respondents.

DAVIES, J. A single question is presented for our consideration in this case. It is whether an assignment containing the following clause is in law fraudulent and void. The clause objected to is in these words: "To pay all expenses which may necessarily be incurred by my said assignees in the execution of the trusts thereby created, including the charges for drawing the assignment, together with a just and reasonable compensation for labor, time, services and attention of the said James C. Campbell, Francis E. Chapman and Justus Yale (the assignees), by them actually done, spent, performed, given or applied in and about the trusts and the business thereof committed to them." Campbell, one of the assignees, is a lawyer. It is urged on the part of the appellants that this provision is obnoxious to the objection, that it provides a rate of compensation to the assignees beyond that allowed by law, and several cases in this court are relied upon to show its invalidity.

*Barney* v. *Griffin* (2 Comst., 365), is supposed to be an authority to show that the provision under consideration renders the assignment void. The decision in that case was put distinctly on other grounds. And the reasoning of the judge who delivered the opinion would only go to the extent, not of avoiding the deed *in toto*, because it provided for an excess of compensation to the assignees beyond that allowed by law, but avoiding it only for such excess. This case cannot, therefore, be claimed as an authority for holding that the clause under consideration (even though, as is argued by the appellants' counsel, it in terms provides a compensation for the assignees greater than that allowed by law), would render the present assignment void. In *Nichols* v. *McEwen* (17 N. Y., 22), this court held an assignment void which contained a provision providing for compensating the assignee, who was a lawyer, for all "his expenses, costs, charges and commissions, *together*

*with a reasonable counsel fee.*" It was only the provision for the payment of a counsel fee which received the condemnation of this court, and the allowance to the assignee for all his expenses, costs, charges and commissions, was deemed unobjectionable. Does the assignment in the present case authorize the assignees to retain more than was deemed lawful in *Nichols* v. *McEwen*? The compensation or commission which the law allows, is for the labor, time, services and attention of the assignees actually done, spent, given and bestowed in and about the business of the trust created. It is for the performance of these services that the law has fixed a certain rate of compensation which is denominated as commissions, and has adjudged that such rate of compensation is just and reasonable in all cases. It is obvious that the amount of labor, care and attention in each case of a trust must be different. In some very onerous, in others comparatively light. Yet the law, in fixing the compensation of the assignee, has determined that it shall be ascertained by a fixed rule, being a per centage on the amount collected and paid out. And this per centage it declares in all cases to be a just and reasonable compensation. The court cannot fail to see that in some instances it is neither just nor reasonable, in reference to the labor performed and the responsibility assumed by the assignee, while it is equally clear that in other cases it is also neither just nor reasonable, as being greatly in excess of a proper compensation for services actually rendered. Yet we are bound to regard this per centage as the just and reasonable compensation in all cases, and therefore when the present assignor declared that the compensation to be allowed to his assignees should be a just and reasonable one, he did no more than say it should be a legal compensation, such compensation as that fixed by law for the performance of the duties imposed and the services to be rendered. The language used does not warrant the implication that any other compensation is provided for, than such as is authorized by law, and which has frequently received the sanction of the courts in this State.

The judgment appealed from should therefore be affirmed, with costs.

SUTHERLAND, J., also delivered an opinion for affirmance.

All the judges concurring,

Judgment affirmed.

---

24 307
120 248

24 307
127 63

24 307
154 463

24 307
167 304