By the Court,
Garvin, J.
The particular objection urged against this assignment is the preference given to the “ attorney’s fees” by the terms of the assignment itself; and it is claimed that this provision renders the assignment absolutely void. As to matters of fact, the justice who heard this case at special term has found that the said assignee was not the attorney or counsel for the assignor before executing the assignment or in relation to drawing the same; and did not draw the same; and has not since the execution of said assignment acted as attorney or counsel in collecting of claims due said Habirshaw, and so assigned,- and that there are no fees due to him, or claims by him, for making and executing the assignment—that no compensation to the said assignee is provided for in said assignment,, beyond charges and commissions allowed him by law ; and that such assignment was not made to hinder, delay, or defraud the plaintiffs or any other of the creditors of the defendant, William Habirshaw. Upon all these questions of fact the finding of the justice is conclusive.
The insertion of a clause in an assignment providing for the payment of “all reasonable charges and commissions attending the execution thereof” has been held not to invalidate the assignment. (34 Barb. 422.) So it has been held that a provision. in an assignment for the benefit of creditors (giving preferences) that the assignees shall first be paid all expenses necessarily incurred in the execution of the trust, including the charges of drawing the assignment, together with a just and reasonable compensation for the labor, time, services and attention of the assignees about the trust, does not avoid the assignment. And that what is just and reasonable will be determined by the court on an accounting. (33 Barb. 425.)
It is further held in Campbell et al. v. Woodworth et al. (24 N. Y. Rep. 304,) that the insertion of the clause giving *145 to assignees (one of them being a lawyer) “a just and reasonable compensation for labor, time, services and attention” in the business of the trust, means no more than a provision for the commissions fixed by law. There can be no doubt that an assignee has the power, independent of any provision in the assignment to enforce and defend rights connected with and growing out of the trust, and to pay the expenses of so doing. Conferring this power in terms in the assignment upon the assignee, does not render the instrument itself void.
The compensation allowed ah assignee for labor, time,, services and such expenses as- are necessarily incurred in the execution of the trust, this compensation is called a commission or commissions, and it has been frequently adjudged that such rate of compensation is just and reasonable in all cases. This is all the assignee can receive, however onerous his duties, and he is entitled to the same rate of compensation, though his duties may be ever so light.
The Court of Appeals says in regard to the case of Nichols v. McEwen, (17 N. Y. Rep. 22,) “ this court- pronounced an assignment void which contained a provision providing for compensating an assignee, who was a lawyer, for all his expenses, costs, charges and commissions, together with a reasonable counsel fee. It was only the provision for the counsel fee which received the condemnation of this court, and the allowance to the assignee for all his expenses, costs, charges and commissions was deemed unobjectionable.” (Campbell v. Woodworth, 24 N. Y. Rep. 306.)
The case of Campbell v. Woodworth settles the question, that the words, “ expenses, costs, charges and commissions,” are unobjectionable in an assignment. “Attorney's fees,” added thereto would not, in the light of this case, be objectionable, because the words “a just and reasonable compensation, for time, labor, services and attention ” are unobjectionable— certainly costs and charges:, time, labor and services cover all that is or can be included in “attorney's fees "—so that whether these words are in or out of the assignment it can make no difference.
*146 Again : This assignment only authorizes the assignee to pay and .disburse all just and reasonable expenses, &c. It therefore is not apparent on the face of the assignment, that the assignee was to have any compensation beyond such as he is legally entitled to, for no provision is in terms - made for him. In 34 Barb. 422, the clause allowing the assignee “ all reasonable charges and commissions ” attending the execution of the trust, was construed as referring to the compensation of other persons lawfully employed by the assignee. The words in this case rather exclude the idea of compensation to the assignee.
The language used in this assignment does not authorize any other or different compensation than such as is legal and just.
The judgment in this case should be affirmed, with costs.