WYNKOOP, receiver, &c. *vs.* SHARDLOW and others.

Where three assignments of property and accounts were executed at different dates, by debtors, to a creditor, to secure the payment of separate debts, incurred at different times; it was *held* that they were not to be construed as one transaction, and as amounting to a general assignment for the benefit of creditors, and as such void because they did not provide for paying all the debts of the assignors.

A commission of twenty per cent for the collection of assigned accounts, consisting of small bills of account, which cause much trouble and loss of time in their collection, is not unreasonable.

THIS action was brought to set aside a judgment in favor of William L. Shardlow, and three assignments of property and accounts made to him by Shardlow & Kirk, at different times, on the ground that they were fraudulent, or made to hinder and delay creditors. Upon the trial it appeared that the firm were indebted to Shardlow to an amount

equal to the judgment. It also appeared that the assign‑ ments were made to secure moneys advanced by him to the firm or paid to other persons for their account. One of the assignments purported to be for paying to William L. Shard‑ low a sum of money due him, but it was proved on the trial this amount consisted of various sums which he either had paid to others, or which he had agreed to pay, and which have been since paid.

The judge found for the defendants, and the complaint was dismissed. The plaintiff appealed from the judgment of dismissal.

*John A. Mapes*, for the plaintiff.

*A. Prentice*, for the defendant.

*By the Court*, INGRAHAM, P. J. There can be no doubt that the finding of the court at special term in regard to the judgment was correct. If there was any irregularity in entering it up, that was to be remedied by motion, and only by the judgment debtors. The evidence showed the defend‑ ant, William L. Shardlow, to be a creditor to the full amount of the judgment, and the finding of the judge, that the judg‑ ment was only for an amount actually due, is conclusive upon this question.

This also disposes of the first bill of sale, made for the purpose of securing the judgment. The firm had a right to pay or secure the payment of the judgment, and there is nothing in the instrument, or·in the evidence relating to it, that would warrant this court to declare it void.

The other assignments, upon the face of them, appear to be made to secure specific sums of money to the assignee, and contain nothing to warrant the charge of fraud. Upon their face they appear to be for a good consideration due to the assignee, and to be made as collateral security for its payment.

It is said that the three assignments, or bills of sale, should be considered as one transaction, and, as such, as forming a general assignment for the benefit of creditors, are void, because they do not provide for paying all the debts of the assignors. These instruments will not bear such a construction. They are made at different dates, for the payment of different sums, and the latter for indebtedness not existing at the date of the execution of the first. The evidence does not show any such connection, but, on the contrary, that they were made for separate amounts of indebtedness incurred at different times, and all of it due to the assignee, either for moneys he had advanced or for indebtedness which he was liable for to the creditors.

Nor is the allegation that the third instrument was in part to pay a debt owing by the defendant and not by the firm. The evidence is that the debt was incurred in the name of the assignee, but was for goods bought for the firm in the name of the assignee. It was in reality a debt of the firm to him for the goods so bought in his name for their use.

The only question remaining undisposed of is that in regard to the allowance of twenty per cent for the collection of the assigned accounts. These accounts were small bills of book account in a tailoring establishment, which caused much trouble and loss of time in their collection, and the value of the services in collecting is shown by evidence to be worth more than the sum allowed.

If this could be considered as the assignment of the property of an insolvent firm for the payment of their debts and for giving preferences to some of their creditors, the objection to this allowance would be of weight, under the cases of *Nichols* v. *McEwen*, (17 *N. Y. Rep.* 22,) and *Barney* v. *Griffin*, (2 *Comst.* 365 ;) but it can not be so viewed. It is only a transfer of property as collateral security for the payment of a debt. The whole transferred property was subject to the claims of the assignors or their creditors, on payment of their debts for which they had been assigned. The firm

could have made a contract with any agent to pay them such a per centage to collect these claims for them, and the application of the proceeds to the payment of a particular indebtedness does not make that agreement void. Whether such an arrangement was intended to hinder, delay or defraud creditors was, under the evidence, a question of fact for the court on the trial. That has been decided against the plaintiff.

The judgment should be affirmed.

[NEW YORK GENERAL TERM, May 2, 1865. *Ingraham, Clerke* and *Geo. G. Barnard*, Justices.]