## SUPREME COURT.

RICHARD WYNKOOP, Receiver of SHARDLOW & KIRK agt.
WILLIAM L. SHARDLOW and others.

Where a firm, *judgment debtors*, executed three assignments or bills of sale of
personal property and accounts to the judgment creditor for separate amounts
of indebtedness, incurred at different times, made at different dates, and all of
it due to the assignee, either for money he had advanced, or for indebtedness
which he was liable for to the creditors:

*Held*, that these assignments or bills of sale could not be considered as one transaction, and as such forming a general assignment for the benefit of creditors, and
therefore void, because not providing for paying all the debts of the assignors.

A *per centage* of twenty per cent. for the collection of small bills of book account
arising in a tailoring establishment, is not an unreasonable commission.

*New York General Term, July,* 1865.

*Before* INGRAHAM, LEONARD *and* CLERKE, *Justices.*

THIS action was brought to set aside a judgment in favor
of William L. Shardlow, and three assignments of property
and accounts made to him by Shardlow & Kirk, on the
ground that they were fraudulent, or made to hinder and
delay creditors. Upon the trial, it appeared that the firm
were indebted to William L. Shardlow to an amount equal
to the judgment. It also appeared that the assignments
were made to secure moneys advanced by him to the firm,
or paid to other persons for their account. One of the
assignments purported to be for paying to William L.
Shardlow a sum of money due him, but it was proved on
the trial this amount consisted of various sums which he
either had paid or which he had agreed to pay, and which
have been since paid. The judge found for the defendants,
and the complaint was dismissed. The plaintiff appealed.

JOHN A. MAPES, *for plaintiff.*
A. PRENTICE, *for defendants.*

By the court, INGRAHAM, P. J. There can be no doubt
that the finding of the court at special term in regard to

the judgment was correct. If there was any irregularity in entering it up, that was to be remedied by motion, and only by the judgment debtors. The evidence showed the defendant, William L. Shardlow, to be a creditor to the full amount of the judgment, and the finding of the judge, that the judgment was only for an amount actually due, is conclusive upon this question. This also disposes of the first bill of sale, made for the purpose of securing the judgment. The firm had a right to pay or secure the payment of the judgment, and there is nothing in the instrument, or in the evidence relating to it, that would warrant this court to declare it void. The other assignments upon the face of them, appear to be made to secure specific sums of money to the assignee, and contain nothing to warrant the charge of fraud. Upon their face they appear to be for a good consideration due to the assignee, and to be made as collateral security for its payment.

It is said that the three assignments or bills of sale, should be considered as one transaction, and as such, as forming a general assignment for the benefit of creditors, and as being void because they do not provide for paying all the debts of the assignors. These instruments will not bear such a construction. They are made at different dates, for the payment of different sums, and the latter for indebtedness not existing at the date of the execution of the first. The evidence does not show any such connection, but on the contrary, that they were made for separate amounts of indebtedness incurred at different times, and all of it due to the assignee, either for moneys he had advanced or for indebtedness which he was liable for to the creditors. Nor is the allegation that the third instrument was in part to pay a debt owing by the defendant and not by the firm. The evidence is, that the debt was incurred in the name of the assignee, but was for goods bought for the firm in the name of the assignee. It was in reality a debt of the firm to him for the goods so bought in his name for their use.

The only question remaining undisposed of is that in regard to the allowance of twenty per cent. for the collection of the assigned accounts. These accounts were small bills of book accounts in a tailoring establishment, which caused much trouble and loss of time in their collection, and the value of the services in collecting, is shown by evidence to be worth more than the sum allowed. If this could be considered as the assignment of the property of an insolvent firm for the payment of their debts, and for giving preferences to some of their creditors, the objection to this allowance would be of weight, under the cases of *Nicholas* agt. *McEwen* (17 *N. Y. Rep.* 22), and *Barney* agt. *Griffin* (2 *Coms.* 365), but it cannot be so viewed. It is only a transfer of property as collateral security for the payment of a debt. The whole transferred property was subject to the claims of the assignors or their creditors, on payment of the debts for which they had been assigned. The firm could have made a contract with any agent to pay them such a per centage to collect these claims for them, and the application of the proceeds to the payment of a particular indebtedness does not make that agreement void. Whether such an arrangement was intended to hinder, delay or defraud creditors, was, under the evidence, a question of fact for the court on the trial. That has been decided against the plaintiff.

The judgment should be affirmed.