IN THE MATTER OF THE FINAL ACCOUNTING OF ALEXANDER SHAW AND SAMUEL GRAHAM, ASSIGNEES OF J. McMURRAY & BRO. AND OTHERS, INSOLVENT DEBTORS, APPELLANTS.

*General assignment — commissions of assignees the same as those of executors.*

A general assignment provided that the assignees were "to pay and discharge all the just and reasonable expenses, costs and charges of executing this assignment and of carrying into effect the trust hereby created, together with a reasonable commission or compensation to the assignees for their own services in executing the said trust."

*Held,* that the assignees were only entitled to the same commissions as are by law allowed to executors and administrators.

APPEAL from an order made at Special Term, confirming the report of a referee and fixing the amount of the commissions and compensation to which the assignees for the benefit of creditors were entitled at the amount allowed to executors and administrators.

*Adee & Shaw*, for the appellants.

*Abram C. Crosby*, for Hutson and other creditors, respondents.

BOARDMAN, J.:

The assignees of the insolvent debtors were allowed, upon their accounting, the same commissions as by law are allowed to executors and administrators. The language of the assignment in that behalf is as follows : " To pay and discharge all the just and reasonable expenses, costs and charges of executing this assignment, and of carrying into effect the trust hereby created, together with a reasonable commission or compensation to the assignees for their own services in executing the said trust." Under this clause the assignees claimed they were entitled to be allowed the actual value of their services, and were not restricted to executors commissions. They appeal from the decision of the Special Term.

I think the decision of the court below was right, and that the appellants were only entitled to the same fees or commissions as are allowed executors and administrators. A long and uniform course of decisions in this State has so established the law. WALWORTH, Ch., in *Meacham* v. *Sternes* (9 Paige, 399–403) says, of the fees of an assignee of an insolvent debtor : " The trustee in this case, and other trustees similarily situated, are entitled to the same compensation for their services which is allowed by law in the case of executors," etc. Judge BRONSON in *Barney* v. *Griffin* (2 N. Y., 372) says, of an insolvent's assignment : " If the debtor can provide for anything more than the necessary expenses of executing the trust, I think he cannot go beyond the commissions allowed ·by law to executors, etc., for similar services." In *Nichols* v. *McEwen* (17 N. Y., 22) an assignment was declared void which provided for greater commissions and pay than is allowed to executors, etc., and the rule above cited from *Barney* v. *Griffin* is approved of. In *Campbell* v. *Woodworth* (24 N. Y., 304), a case very like the one before us, the court holds the just

and reasonable compensation for the services of the assignees to mean the commissions allowed by law to executors, and that such commissions are the reasonable compensation *in all cases.* To the same effect is *Jacobs* v. *Remsen* (36 N. Y., 668); *Duffy* v. *Duncan* (35 id., 190); *Ogden* v. *Murray* (39 N. Y., 202); *Ireland* v. *Potter* (25 How., 177); *Wagstaff* v. *Lowerre* (23 Barb., 224).

Against this array of authority, the appellants cite and rely upon the case *In the Matter of Schell, trustee* (53 N. Y., 263). That, however, was a case arising under a will, and Schell had been appointed trustee in place of the trustees named in the will. It was held that provision was made by the will for paying the trustee the actual value of his services, to be determined as in ordinary cases, upon an employment *inter vivos.* The case is quite different from that of an assignee of insolvent debtors and does not profess to overrule any of the cases cited. The testator may give any compensation he pleases and no injustice can thus be done to any creditor thereby. An insolvent creditor, as we have seen, may not select an assignee and fix his compensation beyond the reach of his creditors. As to him, the law fixes the compensation of his assignee, and injustice cannot be done by selecting persons whose services may be of great value and providing for their payment at the expense of suffering creditors.

The assignment in this case was not void, because the reasonable commission for services means no more than the commissions fixed by law. (*Campbell* v. *Woodworth, supra.*) To the same effect was the decision of this court in *Chase* v. *James*, opinion by LEARNED, P. J., November Term, 1879 (16 Hun, 14), when language entered in referee's minutes of trial as follows : "Referee may charge the fair value of his services," was held to mean three dollars per day, because the Legislature had fixed that as the fair value of a referee's services, and that rate would control unless another was specially agreed upon.

The order of the Special Term should be affirmed, with $10 costs and expenses of printing to be paid by appellants to respondents.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Order affirmed, with ten dollars costs and printing disbursements, to be paid by appellants to respondents.