[No appeal was taken from this order.]

WALTER MITCHELL } 
vs. } September Term, 1848.
WILLIAM HOLMES ET AL. }

[APPLICATION OF INCOME OF TRUST ESTATE—TRUSTEE'S COMMISSIONS—
DEVISE.]

UPON a devise of real and personal property to a trustee, in trust, to apply the income arising therefrom for the mutual benefit of the uncle and aunt of the testator for life, and after the death of the uncle to the mutual benefit of the aunt and her children. It was HELD—

That, during the life of the uncle and aunt, the income of the trust estate should be equally divided between them ; and, that the title of the children of the aunt to participate in the income, is to be postponed until after the death of the uncle.

The testator having said that the trustee, whom he also appointed his executor, shall have "ten per cent. on the whole amount of property which may come into his hands as trustee." It was HELD—

That he was entitled to this percentage on the whole amount of property, and not on the income only, irrespective of the sum which may have been allowed him by the Orphans Court as executor ; and, in this respect, the two offices are to be regarded as distinct, as if filled by two different persons.

[The two questions presented to the court in this case, (the facts of which will appear from the Chancellor's opinion,) were, firstly, into what proportions was to be divided the income of certain trust property, devised to two for life, and after the death of one of them, for the mutual benefit of the other, and her children ; remainder to the said children in fee. And, secondly, whether a trustee, who, as executor, had received a commission on property, paid into the trust fund, should be allowed, *as trustee,* an additional commission on the same property.]

The Chancellor:

In the will of the late Ignatius Semmes, who died in the year 1843, there is the following clause : "I give, and devise to Walter Mitchell, Esquire, my farm called Rose Hill, together with all the rest of my negroes," (some being manumitted by a previous clause,) "stock of every description, and plantation utensils—in trust, to and for the following uses and purposes, that is to say : the income arising therefrom, to be applied to the mutual benefit of my uncle, William Holmes, during the life of my said uncle, and my aunt Sarah Floyd ; and after the death of my said uncle, to the mutual benefit of my aunt Sarah Floyd, and her children ; and after the death of my said aunt Sarah Floyd, to the use and benefit of the children of my said aunt Sarah Floyd, until the youngest shall arrive at the age of twenty-one years ; and then, I will, and devise the said farm, called Rose Hill, together with the rest of the property so as aforesaid left in trust, to the children of my aunt Sarah Floyd, to them, and their heirs· forever, share and share alike.   And for his care and trouble in the execution of the said trust, I give to the said Walter Mitchell, ten per cent. upon the whole amount of property, which may come into his possession as trustee."

Mr. Mitchell, who was also appointed executor of the will, assumed the execution of the trust, and having proceeded for some time in the discharge of his duty as trustee, and having passed in the Orphans Court his final account as executor, filed his bill in this court on the 7th of April, 1847, making the cestuis que trust parties, and asking the aid and direction of this court, in the administration of the trust.

There does not appear to be any controverted fact in the cause, the questions presented for the opinion of this court, which depend upon the true construction of the will, being first, with regard to the rights of the cestuis que trust—and, secondly, as to the compensation which the trustee may be entitled to, for his risk and trouble in the performance of his trust.

The first question, relates to the proportions in which the income of the trust estate shall be divided ; and upon that, I am

of opinion, that during the life of William Holmes, the uncle of the testator, and of his aunt, Sarah Floyd, the income should be divided between them in equal moieties; and that the title of the children of the aunt, to participate in the income of the trust estate, is postponed until after the death of the uncle. With regard to the proper application of the income, during the joint lives of the uncle and aunt, there does not seem to me to be much difficulty, it being clearly the intention of the testator to divide it equally between them.

In the event of the death of the uncle, living the aunt, a question of some difficulty might arise respecting the proportions in which, upon that contingency, the income of the estate should be divided among the aunt and her children; but as this contingency may not happen, there does not appear to be any necessity for an expression of the opinion of the court upon it. As the case is submitted without argument, there seems to be a peculiar propriety in confining the opinion of the court, to the questions which the condition of the case at this time, renders important.

The other question has reference to the commission of the trustee.

He has already received as executor, eight per cent. upon the personal estate now in his hands as trustee; and the answer of the defendant Holmes, insists, that the trustee is only entitled to ten per cent. commission on the gross income of the personal estate.

But the testator has said, that he shall have "ten per cent. upon the whole amount of property, which may come into his hands as trustee." Not upon the amount of income, but upon the amount of property, and this declaration of the testator gives the law of the case. The compensation thus fixed by the testator to be paid to the trustee, is to be paid to him as such; regarding him, when acting in that capacity, as filling an office wholly distinct from the office of executor. The per centage is to be paid him on the property, which may come into his hands *as trustee ;* an office, so far as this question is concerned, entirely distinct from that of executor, and the compensa-

tion which he may have been allowed by the Orphans Court for discharging the duties of executor, should have no more influence upon his commission as trustee under this will, than if the two offices were filled by different persons.

I am of opinion, therefore, that this trustee is entitled in the settlement of his accounts as trustee, to an allowance of ten per centum upon the property which may have come into his hands as such. He is not, however, to be allowed ten per cent. or any thing at all, upon his disbursements; the commission fixed by the testator, being the equivalent for his services in the administration of the trust, which includes of course the proper application and disbursement of the income of the trust estate. An order will, therefore, be passed referring the case to the Auditor, to take the proper accounts, and making provision for the taking of such evidence as the case may require.

[No appeal was taken from this order.]