IN THE MATTER OF THE APPLICATION OF EDWARD SCHELL, TRUSTEE, ETC., FOR AN ACCOUNTING.

Where an instrument creating a trust provides that the trustee shall have a reasonable compensation for his services, he is not confined to the statutory allowances to executors, etc.; but his compensation is to be adjusted at what shall be determined, upon judicial investigation, to be reasonable under the circumstances, without regard to the statute.

(Argued May 27, 1873; decided September 23, 1873.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, affirming an order of Special Term made upon settlement of the accounts of Edward Schell, trustee, etc., of the estate of Jacob Appley, which disallowed an item of $2,500 charged for his services as such trustee.

Jacob Appley died in 1843 seized of a large real and personal estate. By his last will and testament he devised and bequeathed all his property, with certain exceptions, to his executors and the survivor of them, upon certain trusts therein named. The will, after reciting the trusts, contained this clause: "And also that my said executors retain and pay unto themselves out of said rents and incomes all costs, charges and expenses that they shall have to pay or be put unto in the fulfillment of this my will, and a reasonable compensation for their services."

By an order of the Supreme Court, made February 2, 1865, said Edward Schell was appointed trustee in place of those named in the will. In his accounts he made a charge in gross of $2,500 for his services. The referee, to whom the same was referred, reported in favor of its allowance. Further facts appear in the opinion.

*Amasa J. Parker* for the appellant. The trustee's compensation must be settled on a *quantum meruit*. (*Meacham* v. *Sternes*, 9 Paige, 398; *Wagstaff* v. *Lowerre*, 23 Barb., 209; 3 Abb. Pr., 411; Abb. Dig., Trusts, §§ 272, 273; 13 Conn., 334.) If the creator of a trust does not fix the compensation of a trustee, a reference will be directed to determine what will be reasonable and just. (Tiff. & Bul., Trusts and Trustees, 840, 841, citing *Ellison* v. *Airey*, 1 Ves., 115; *Willis* v. *Kibble*, 1 Beav., 559; *Jackson* v. *Hamilton*, 3 J. & L., 702; *Bainbridge* v. *Blair*, 8 Beav., 597.) The referee was a competent judge of the value of the services. (*Duffy* v. *Duncan*, 35 N. Y., 190.)

*Samuel Hand* for the respondent. Where an instrument creating a trust provides a reasonable compensation for the trustee for his services, he is confined to the statutory allowances to executors and administrators. (*Meacham* v. *Sternes*, 9 Paige, 398–403.)

RAPALLO, J. The order appealed from shows upon its face that it was made upon the ground that the compensation

of the trustee for his services should be limited to commissions, at the rate allowed by statute to executors and administrators, for receiving and paying out moneys.

This is the settled rule in cases where the creator of the trust has made no provision for compensation to the trustee. Under such circumstances the courts have by analogy allowed the same commissions which are by statute allowable to executors and administrators, and have restricted the allowances to those rates.

But where the instrument creating the trust provides that the trustee shall have a compensation for his services in executing the trust, such provision will be enforced. If the instrument declares the rate of compensation, it must be followed. If it establishes no rate, the value of the services should be ascertained by judicial investigation. (*Meacham* v. *Sternes*, 9 Paige, 398).

The provision of the will in question is that the trustees (of whom the applicant is the successor) shall retain and pay unto themselves, out of the rents and income of the testator's estate, all costs, charges and expenses that they shall have to pay or be put unto in the fulfillment of his will, and a reasonable compensation for their services.

It would seem a sufficiently simple proposition that the question, what is a reasonable sum to be allowed to the trustee over and above his proper disbursements for his services, is a question of fact determinable upon the same principles which would regulate such an inquiry were the controversy one arising upon an employment *inter vivos*.

But it is claimed on the part of the respondent that the statute which regulates the commissions of executors, administrators and guardians, determines that the rate thereby allowed is a reasonable compensation, and that the subject of the amount of compensation is closed to further inquiry. The learned court at Special Term seems to have adopted this view, and its decision has been affirmed at General Term. We cannot concur in the soundness of these conclusions. In the first place, the provisions of the statute do not in terms apply

to trustees.   The original trustees in this case were the same persons who were named in the will as executors, but their offices as trustees were additional to and distinct from their legal duties as executors.   The applicant succeeds to the office of trustee and not of executor.   The decisions which apply to trustees the same rules as to compensation which the statute applies to executors, etc., rest upon the principle of analogy and not upon the command of the statute.   They are confined to cases where no provision is made by the creator of the trust for the compensation of the trustees.   In such cases, there being no express declaration of the creator of the trust that his appointees should be compensated, yet it being unreasonable under ordinary circumstances to require them to perform their responsible duties gratuitously, it is a fair presumption that the testator assumed that they would be entitled to the commissions established by law for similar services when rendered by executors, etc.   Where, however, he expressly provides that they shall have a reasonable compensation for their services, he must be supposed to have intended that the compensation should be reasonable with reference to the special circumstances of his estate and the services which he has required them to perform.

The object of the statute is to furnish a general and arbitrary rule for cases not otherwise provided for; but it should not govern where the testator has, by reason of peculiar circumstances existing in reference to his estate, required extraordinary services on the part of those to whose care he has confided it, and has specially provided that their compensation shall be reasonable, which is equivalent to declaring that it shall be proportioned to the value of the services they may render.   By such a direction the testator necessarily confides to the tribunals under whose jurisdiction the administration of his estate may come, the adjustment of the compensation of his trustees, and this is a duty which those tribunals must perform conscientiously upon the evidence before them.   It was, therefore, the duty of the court below in the case to determine whether the sum claimed by the trustee was or was not rea-

sonable under the circumstances, and to allow or reduce it according to their judgment, without being controlled by the statute. The case shows that the duties of the trustee were onerous, and involved more than the mere receipt and disbursement of money. He was intrusted with the management of forty houses and lots, the buildings being old and requiring frequent repairs, and the trustee swears that he has given them his personal care and attention, besides attending to the receipt and application of the funds.

Whether the sum of $2,500 allowed by the referee is a reasonable amount is a question for the court below. The report of the referee is not conclusive, but merely for the information of the court. The court, at Special Term, should exercise its discretion whether to confirm or modify it, and if the amount is in its judgment excessive it should be reduced, but the amount should be determined with reference to the facts of the case and not by the statute.

The orders of the Special and General Terms should be reversed, and the proceedings remitted to the court below to rehear at Special Term the motion to confirm the report of the referee.

The costs of the appellant should be allowed to him out of the fund.

All concur, except GROVER, J., not voting.

Ordered accordingly.