EXECUTORS OF WILLIAM H. BAKER, appellants,

*v.*

MARY K. JOHNSTON et al., respondents.

Executors were directed to convert and invest the residuary estate, and to divide it when the testator's youngest child should have attained its majority, and also thereafter to hold testator's daughter's shares during their lifetime. They sold the real estate which constituted part of the residue.—*Held*, that they were entitled, as executors, to commissions on the proceeds of the sale, and that they would also be entitled, as trustees, to another commission thereon, for the services they might render as such in reference thereto.

Appeal from Morris orphans court.

*Mr. E. D. Halsey,* for appellants.

*Mr. G. T. Werts,* for respondents.

THE ORDINARY.

The question presented on this appeal is whether the executors are entitled to commissions upon the money received by them on the sale of certain real estate, part of the residue. By the will they are made trustees of the residue, to convert and invest it, and to divide it when the youngest of the children of the testator shall have attained to majority, and part of it is to be held by them in trust, after the division, for the lifetime of the testator's daughters. The orphans court refused to allow commissions on the money received for the land. This was erroneous. The executors, as such, collected the money, and must be considered as having turned it over to themselves as trustees. According to the statements of the petition of appeal, it has been duly invested for the benefit of the *cestuis que trust.*

This is one of that class of cases in which the duty of the executors as such ends at a certain point, and their duty as trustees begins there. In such cases the executors are entitled to

lawful commissions for their services as such, and they will, as trustees, be entitled to compensation for the services they may render in that capacity.    The court deals with them in the matter of compensation in such cases precisely as if the two trusts, the executorship and the trusteeship, were in different hands. *Lathrop* v. *Smalley, 8 C. E. Gr. 192 ; Hurlburt* v. *Durant, 88 N. Y. 121 ; Mitchell* v. *Holmes, 1 Md. Ch. 287 ; Witherspoon's Case, 3 Rich. Eq. 13 ; Aston's Case, 5 Whart. 228.*    That part of the decree which fixes the amount of the commissions will be reversed, with costs to be paid out of the estate.