## DUFFY v. SMITH.

(Filed March 3, 1903.)

1. MORTGAGES—*Trust Deeds—Commissions—Estoppel.*

    A statement by a trustee in a deed of trust that the amount
    due thereunder is the principal and interest does not estop
    him from afterwards receiving the commissions stipulated
    in the deed of trust.

2. MORTGAGES—*Trust Deed—Commissions—Auctioneers.*

    When a trustee in a deed of trust sells property, the fees of an
    auctioneer must be paid by the trustee out of his own com-
    missions.

3. MORTGAGES—*Trust Deeds—Fees—Attorney and Client.*

    When there is no evidence that counsel was necessary in a sale
    under a trust deed no allowance therefor should be made
    from the proceeds of such sale.

ACTION by Juliet C. Duffy against Isaac H. Smith, heard
by Judge *George H. Brown* and a jury, at September Term,
1902, of the Superior Court of CRAVEN County. From a
judgment for the plaintiff, the defendant appealed.

*W. D. McIver,* for the plaintiff.
*D. L. Ward,* and *Simmons & Ward,* for the defendant.

MONTGOMERY, J.   The question as to whether a trustee,
in a deed made to secure a debt and containing a power of
sale, in case of default, will be allowed to receive from the
proceeds of the sale the amount stipulated for in the deed,
irrespective of inequity in the contract, is not before us for
decision.   It is admitted by the defendant that if the plain-
tiff is entitled to recover any amount on account of compensa-
tion due to the trustee, she has a right to the amount men-
tioned in the deed—five per cent on the amount of the sale.
The contention of the defendant is that the trustee ought not
to receive any commissions whatever, first, because the sale

is alleged to have been a mere formality and for purposes well understood between the parties; and second, because that just immediately preceding the sale—the same day—the trustee, who was the general agent of the creditor (the plaintiff), upon being requested to furnish the amount due, stated the same to be the principal and interest of the note, and that therefore the plaintiff and the trustee are estopped from claiming anything more than the amount for which the property was sold by the trustee.

Upon an examination of the evidence, however, it is seen that the trustee was not requested to find out the amount due for commissions and expenses of the sale. The defendant, as a witness for himself, testified that he requested Green to learn how much was due, and Green testified that he asked the trustee how much was due *on the notes.* There is no discrepancy or contradiction in the evidence. The sale was made and the trustees applied the proceeds of the sale, less his commissions and the counsel fees and auctioneer's fees, on the debt. It left a balance due on the notes for which this action was brought.

Upon the evidence, the plaintiff was entitled to five per cent commissions on the amount of the sale. As to the amount allowed and embraced in the judgment for counsel fees and auctioneer's fees, we are of the opinion that such should not have been allowed. The fees of an auctioneer in cases like this are embraced in the commissions of the trustee, that is, the trustee is expected in law to conduct his own sale, and if he prefers procuring the services of another for that purpose, he must bear the expense.

There was no evidence that counsel fees were necessary to the proper administration of the trust, and there was no finding in the case to that effect. For these reasons, the amount embraced in the judgment for counsel fees ought not to have been included.

The judgment will be affirmed as to the five per cent on the sales, commissions under the deed, and reversed as to the balance, that balance embracing counsel fees and auctioneer's fees.

Modified and Affirmed.