A life tenant of the income of real and personal property is entitled to all the income accruing after death of testatrix.

**2. EXECUTOR—COMPENSATION.**

Where a will provided that the executor should receive in addition to compensation allowed by law a certain sum per annum out of the estate, he is entitled to both, notwithstanding Code Civ. Proc. § 2730, providing that, where a will gives specified compensation to an executor, he is not entitled to any allowance unless he renounces the specified compensation.

In the matter of the judicial settlement of the accounts of Henry W. Sprague, executor of Maria Louise Wilkeson.   Decree rendered.

William L. Marcy, for executor.

Robert W. Pomeroy, special guardian, for infant.

MARCUS, S.   Two questions are presented upon this judicial settlement, the first being whether under the terms of the will of deceased, the life tenant takes the income and profit from the date of the death of testratrix or from one year after such death; and the other, whether specific compensation given to an executor, in addition to the compensation allowed him by law, must be renounced.   By the sixteenth clause of the will, the income of the real and personal property is given to Samuel H. Wilkeson for life; and he therefore became entitled to all of the income which accrued after the death of testatrix, since the will in no part expresses a contrary intent, and the executor must therefore account to the legatee from that time.   The rule as to general legacies bearing no interest until the expiration of one year from the grant of letters testamentary has no application in this case.   Matter of Stanfield, 135 N. Y. 292, 31 N. E. 1013.

The provisions of section 2730 of the Code read as follows:

"Where the will provides a specific compensation to an executor or administrator, he is not entitled to any allowance for his services, unless, by a written instrument filed with the surrogate, he renounces the specific compensation."

The will of deceased contains the following provision:

"I hereby direct that Henry W. Sprague receive out of my estate, in addition to the fees, charges, commissions and disbursements allowed him by law, the sum of $500 per annum, so long as he continues to act," etc.

At common law executors and administrators are entitled to no compensation for their work in the discharge of their duties, either at law or in equity, but in all the states compensation is now provided by statute.   The statutes of our state allow no extra compensation to executors and administrators for the rendition to the estate of services outside of the scope of their ordinary duties, and, since at common law the services were wholly gratuitous, extra compensation, if not within the language of the statute, cannot be

allowed. The statute therefore controls in all cases when otherwise not provided for, but it cannot govern or restrict, when a testator, for reasons of his own, has specially provided that compensation fixed by himself shall be given in addition to that provided by the statute. It would be restricting the testator's right of disposition of his own property to take any other view, since any surplus over statutory fees may be regarded in the nature of a legacy; and the form of expression used by the testator that it shall be taken as an additional allowance or compensation, etc., or expressed in any form of language, in no way affects the right to dispose of his property as he wills. To say that every specific compensation given by the terms of a will to an executor or administrator, in addition to the compensation allowed by law, must be renounced before such representative is entitled to his statutory fees, would constitute a deprivation of a testator's legal right to dispose of his property as he elected. Matter of Schell, 53 N. Y. 263.

Compensation can always be determined by a testator irrespective of the statute, and the authorities support the rule that if a testator has given a legacy in lieu of commissions, or directed that his executor should not have commissions, the court cannot defeat the provisions of the will. Matter of Gerard, 1 Dem. Sur. 244. 247; Matter of Kernochan, 104 N. Y. 618, 631, 11 N. E. 149; Secor v. Sentis, 5 Redf. Sur. 570. But where there is no indication in the will that a bequest is intended to exclude further compensation, the executor is entitled to both the legacy and his statutory commissions. Matter of Mason, 98 N. Y. 527. Compensation may be provided for an executor by giving a specific sum equal, exceeding, or short of statutory commission in lieu of or in addition to—it is all within the control of the testator. Where the will provides that extra compensation shall be given to an executor, the court will allow it; and where the will provides that a reasonable compensation shall be given to an executor, beyond the commissions, and without fixing the amount, the court will allow a fair amount, according to the services rendered. Clinch v. Eckford, 8 Paige, 412; Meacham v. Sternes, 9 Paige, 398. Nor does the bequest to an executor deprive him of his right to compensation if the will fails to indicate that it was intended as a special compensation.

2 Rev. St. (4th Ed.) pt. 2, p. 278, c. 6, tit. 3, art. 2, par. 65, § 59, reads as follows:

"Where any provision shall be made by any will for specific compensation to an executor, the same shall be deemed a full satisfaction for his services in lieu of the allowance aforesaid, or his share thereof, unless such executor shall by a written instrument to be filed with the surrogate, renounce all claim to such specific legacy."

For the purpose of this discussion, emphasis is laid upon the words of the old statute "in lieu of the allowance aforesaid." Redfield in his work on Surrogate's Practice (6th Ed.) § 992, uses the following words:

"But since the testator may give what compensation he pleases (except as against creditors) he may expressly give compensation in addition to the.

statute allowance, and in such cases the court will award payment of both, if the services are actually performed."

My conclusion is, therefore, that only a legacy or specific sum given in lieu of commissions bars the allowance of statutory commissions, when, from the context of the will, it can fairly be concluded in whatever terms stated, or, however expressed, that such legacy or specific sum is intended to take the place of the commissions allowed by law, but that when any legacy or specific sum is given in addition, as expressed in this will, the executor is entitled to receive both, and section 2730 has no application.

Decreed accordingly.