OPINION OF THE COURT
Renee R. Roth, S.
This probate proceeding presents a novel question as to the effect of a disposition in lieu of commissions with respect to standing to file objections under SCPA 1410. At issue is the *538 right of Salvatore T. Gelosi to object to probate of a codicil to the alleged will of Kathryn (Kate) E. Smith.
The provisions which give rise to this question are contained in articles fourth and ninth of the signer’s purported will dated July 12, 1973.
Article fourth provides: "I give and bequeath the following legacies to the person named if such person survives me by 180 days.” The legacies are then set forth in 16 paragraphs designated A through P. The first 15 paragraphs bequeath various sums of money or tangible property to relatives, friends and institutions. The sixteenth paragraph gives "To HELENA M. STEENE, SANFORD BECKER and SALVATORE T. GELOSI the sums more specifically bequeathed in Article ninth” (emphasis added).
In article ninth, after appointing as executors her sister, Helena Steene, her business advisor, Sanford Becker, and her friend, Salvatore T. Gelosi, Ms. Smith provided as follows:
"I bequeath to my executors, the following amounts, which are in lieu of all compensation or commission to which they would otherwise be entitled to receive
"A) To my sister helena m. steene the sum of $40,000.
"B) To my business advisor over thirty-five years, sanford becker, the sum of $25,000.
"Q To my friend Salvatore gelosi, the sum of $25,000 to be paid in three installments. The first installment of $10,000 shall be paid seven months after my death and the subsequent installments of $7,500 at twelve month intervals thereafter. If he shall die before the last installment has been paid, the unpaid installment or installments, as the case may be, shall revert to my residuary estate.” (Emphasis added.)
The contested codicil is dated October 26, 1979, six years after the execution of the will. In the sole provision in the codicil, Ms. Smith removed Mr. Gelosi as executor and substituted another in his stead. With regard to the disposition of $25,000 contained in the will, the codicil provides: "In place of the legacy to Salvatore t. gelosi, in Article ninth of my Last Will and Testament bearing the date of July 12, 1973, I bequeath the sum of $1,000.”
Mr. Gelosi has filed objections solely to the codicil. No one else has objected to either instrument.
Because of the underscored phrase in article ninth, the issue arises whether Mr. Gelosi is a legatee under the will or *539 merely a fiduciary whose only interest would be in commissions.
As a legatee, Mr. Gelosi would have unconditional standing as a person "adversely affected” by the codicil to file objections. As a fiduciary, however, he may not file objections "unless authorized by the court for good cause shown” (SCPA 1410). Accordingly, for the first time since the 1971 amendment to SCPA 1410 restricted the right of a fiduciary under a prior instrument to object to probate, it is necessary to decide whether a disposition in lieu of commissions confers upon a nominated fiduciary the standing of a legatee entitled to file objections.
In contending that Mr. Gelosi’s interest is solely as a fiduciary, the proponent observes that the will states that the $25,000 disposition to Mr. Gelosi is "in lieu of all commissions”.
Dispositions in lieu of commissions are not uncommon. They may be intended partly as a bequest and partly as payment for services rendered. The amount of the disposition can be higher or lower than statutory commissions. It is interesting to note that although compensation for executors is fixed by statute (SCPA 2307), the cases hold that a testator may provide for higher compensation because it is "in the nature of a legacy” and the court should not interfere with a testator’s right to dispose of his estate freely (Matter of Sprague, 46 Misc 216, 217).
The question of whether a disposition in lieu of commissions should be treated as a bequest or as compensation has been raised in the past in several different contexts, but never with regard to standing to contest a will. A brief summary of the decisions, which are inconsistent, follows.
One of the earliest issues was whether a legacy in lieu of commissions was forfeited if the executor did not serve. In Scofield v St. John (65 How Prac 292, 293), the will gave each executor $1,000 " 'in addition to the commission or allowances they would be entitled to by law’ ”. One of the executors died after the will was propounded but before it was admitted to probate. The court held that the disposition was not forfeited by the executor’s lack of performance, because the gift was conditioned only upon his demonstration of an unequivocal intent to act.
On the other hand, in Fletcher v Hurd (60 Hun 576), which contained a similar disposition, the Appellate Division, Fourth *540 Department, held that the executor had forfeited his legacy by renouncing his nomination after objections to his appointment were filed. The disposition to the executor was construed as compensation for services and thus ineffective because the services were not rendered.
In other cases, the nature of the disposition was questioned because of abatement or income tax considerations. Where an estate is insolvent, the issue is whether a disposition in lieu of commissions abates as a legacy or has priority as an administration expense. In Richardson v Richardson (145 App Div 540), the Appellate Division, Second Department, ruled that the provision in testator’s homemade will giving his niece and nephew $500 each as executors of his $6,000 estate represented their compensation and therefore did not abate. A later case found that the testator’s provision for his brother in lieu of commissions was a gift and thus subject to abatement (In re Lewis, 115 NYS2d 791).
For income tax purposes, the issue is whether a legacy in lieu of commissions is taxable to the executor as income or is excluded as a bequest (see, Internal Revenue Code § 102 [26 USC § 102]). In 1923, the United States Supreme Court held that such a disposition in the will of Alfred G. Vanderbilt was a bequest and thus not taxable (United States v Merriam, 263 US 179). The court observed that an executor would be entitled to receive the disposition even if he did not complete his service, so long as there was an unequivocal demonstration of intent to act as executor (see, Scofield v St. John, 65 How Prac 292, supra). Consequently, the legacy was excluded from gross income as a conditional bequest, provided that the executor did not also receive statutory compensation.
A more recent opinion by the Court of Appeals (2d Cir) criticized the analysis in Merriam (supra) as drawing a distinction of "doubtful utility”, which "hardly stands economic analysis” but acknowledged that it remained the governing law (Wolder v Commissioner of Internal Revenue, 493 F2d 608, 611). The court indicated that a more realistic approach would be to ascertain whether the testator’s dominant purpose was donative or compensatory.
For estate tax purposes, the issue is whether a legacy in lieu of commission is deductible as compensation. In this regard, Federal estate tax regulations provide that: "A bequest or *541 devise to the executor in lieu of commissions is not deductible. If, however, the decedent fixed by his will the compensation payable to the executor for services to be rendered in the administration of the estate, deduction may be taken to the extent that the amount so fixed does not exceed the compensation allowable by the local law or practice” (26 CFR 20.2053-3 [b] [2]).
The conflicting decisions reflect the "mixed” nature of such a legacy and the difficulty in defining it as a bequest or compensation for all purposes. In the instant case, the issue is whether in light of the 1971 amendment of SCPA 1410 a provision such as the one for Mr. Gelosi confers automatic standing to object.
We turn now to the facts in this case. The language in Ms. Smith’s will and codicil describes Mr. Gelosi’s interest as a legacy. It is undisputed that Mr. Gelosi was a friend of longstanding and even under the codicil receives a small legacy "in place of the legacy” to him under the will. When the disposition of $25,000 is compared to the statutory commissions for this size estate, the disposition is significantly higher. Additionally, although executors are compensated equally under the governing statute (SCPA 2307), the dispositions to Mr. Gelosi and the other executors are unequal.
The court is aware that SCPA 1410 was amended in 1971 in order to prevent contests by outsiders motivated only by the desire for commissions (see, Powers, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 58A, SCPA 1410, 1987 Pocket Part, at 89; Estate of Adler, NYLJ, Oct. 5, 1979, at 6, col 2). The history of the amendment does not contain any indication that its sponsors considered the effect of dispositions in lieu of commissions on the standing of a fiduciary to file objections.
Although the propounded instruments also contain indicia of testatrix’ intent to pay Mr. Gelosi for services rendered (the disposition to Mr. Gelosi was reduced when he was removed as executor), the foregoing facts reflect sufficient donative intent for this court to determine that this disposition was a true legacy and that Mr. Gelosi has standing as a legatee adversely affected by the codicil. There is no language in the statute or anything in its legislative history that requires that a disposition in lieu of commissions be treated solely as compensation for serving as fiduciary. Each case must be considered on the *542 facts presented. In this instance, the court determines that the disposition in lieu of commissions, described as a legacy by testatrix, shall be treated as a legacy. Accordingly, Mr. Gelosi has standing to file objections to probate of the codicil.
Counsel shall appear for conference in chambers on November 20, 1987 at 2:15 p.m. with respect to the other issues raised in the briefs.